UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHANIE VELEZ,

                          Plaintiff,

                                                **FIRST AMENDED COMPLAINT**

              -against-                            Jury Trial

                                                16 CV 1594 (VEC)

DET. PETER CULLEN (shield 2869), SGT. JOHN
GRIFFIN (shield 5139), JOHN DOES 1-5,

                        Defendants.

------------------------------------------------------------------X

       Plaintiff STEPHANIE VELEZ by and through her attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

       2.     The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of Kings, City and State of New York.

7. Defendants Cullen and Griffin are members of the Bronx Homicide Squad.

8. Defendants John Does are officers with the 50th precinct or another law enforcement agency (hereinafter "LEA") who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. On December 8, 2015, at approximately 12 p.m., Miguel Espinal was shot and killed by NYPD police officers.

10. In an effort to cover up their tracks and justify the shooting in an apparent attempt to circle the wagons, members of the 50th precinct began looking for anyone who would talk about any "bad acts" that the deceased may have conducted in the past.

11. Plaintiff Velez was at 1 Caryl Avenue, in Yonkers, New York staying with her boyfriend who was the decedent's brother.

12. At approximately 1 pm, defendants Cullen and Griffin along with four members of LEA arrived at the above location and started asking questions about the decedent and his brother.

13. Plaintiff Velez informed the defendants that she had not idea what had just happened and she was visibly upset and shaken.

14. Defendants directed plaintiff to put on clothes and accompany them "to the precinct."

15. Plaintiff refused and said that she wanted to call her father and inquired why she had to go to the precinct if she was not under arrest.

16. Defendants told her that if she did not come voluntarily, she would be handcuffed and dragged to the precinct.

17. Against her will, plaintiff was taken to the 50th precinct by Cullen and Griffin and the decedent's father was escorted by two members of the LEA while the remaining two members of the LEA stayed behind guarding the door of the decedent.

18. At the precinct, defendants Cullen and Griffin and John Does 1-5 of LEA continued to grill her in the hopes that she would offer them some incriminating information about the deceased so they can justify the shooting.

19. Plaintiff was crying and told them she did not know anything and wanted to go home.

20. Defendants blocked the doorway so plaintiff could not walk out of the room she was being held in.

21. Plaintiff was hungry and distraught but defendants ignored these facts.

22. Plaintiff was held incommunicado and was unable to speak with anyone other than members of the LEA.

23. Finally around 8 pm, defendants released her.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful seizure-Fourth Amendment)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. Defendants unlawfully seized plaintiff and held her captive for more than 7 hours.

26. Defendants did not have an arrest warrant or any probable cause to detain plaintiff.

27. Defendants refused to allow plaintiff to leave despite her protests.

28. Defendants' acts caused plaintiff deprivation of liberty.

29. Defendants actions caused plaintiff to be unlawfully seized.

30. As a result of defendants' collective actions, plaintiff's rights to be free from unlawful search and seizure were violated and she suffered injuries.

      **WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Two Hundred and Fifty Thousand Dollars for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       May 17, 2016

                                      PAWAR LAW GROUP, P.C.
                                      20 Vesey Street, Suite 1210
                                      New York, New York 10007
                                      (212) 571-0805
                                      By: _____
                                          Robert Blossner, Esq. (RB0526)
                                          Vik Pawar, Esq. (VP9101)
                                          *Attorneys for Plaintiff*